07 CV 10719

JUDGE CASTEL

Philip H. Gottfried (PG6278)
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York 10016
(212) 336-8000
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - -x
PETER FISH & CO. PTY. LTD. and :
PETER FISH (HK) LTD., :
　　　　　　　　　　　　　　　　　　　　: Civil Action No.
　　　　　　　　Plaintiffs, :
　　　　　　　　　　　　　　　　　　　　:
　　　　v. :
　　　　　　　　　　　　　　　　　　　　: **COMPLAINT**
STEVE WALTERSCHEID, PETER CUMMINGS :
AND ZING TOYS, INC., :
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendants. :
- - - - - - - - - - - - - - - - - - - - - - -x

[Stamp: NOV 30 2007 U.S.D.C. S.D.N.Y. CASHIERS]

　　　　Plaintiffs Peter Fish & Co. Pty. Ltd. and Peter Fish (HK) Ltd., through their attorneys, complaining of Defendants, allege as follows:

The Parties, Jurisdiction and Venue

　　　　1.　　Plaintiff Peter Fish & Co. Pty. Ltd. ("Peter Fish Pty.") is a corporation organized and existing under the laws of the Commonwealth of Australia, having an office at 802 Pacific Highway, Suite 1A, Level 2, Gordon 2072, Australia.

　　　　2.　　Plaintiff Peter Fish (HK) Ltd. ("Peter Fish HK") is a corporation registered under the laws of Hong Kong, having an office at Suite 105 1st Floor Tsun Sha Tsui

385037.4

Centre, 66 Inody Rd. TST East, Kowloon, Hong Kong (Peter Fish Pty. and Peter Fish HK are hereinafter referred to as "Peter Fish" or "Plaintiffs").

3.  Upon information and belief, Defendant Steve Walterscheid ("Walterscheid") is an individual citizen of the United States of America, having an address c/o P.O. Box 7409, Bend, Oregon 97708, is the President and is one of the conscious, active and dominant forces behind the wrongful activities of the corporate Defendant complained of herein.

4.  Upon information and belief, Defendant Peter Cummings is an individual citizen of the United States of America, having a residence at 45853 N. W. Sell Road, Banks, Oregon 97106 ("Cummings"), is the Secretary and is one of the conscious, active and dominant forces behind the wrongful activities of the corporate Defendant complained of herein.

5.  Upon information and belief, Defendant Zing Toys, Inc. is, a corporation organized and existing under the laws of the state of Oregon, having a place of business c/o P.O. Box 7409, Bend, Oregon 97708 ("Zing").  Walterscheid, Cummings and Zing are hereinafter collectively referred to as "Defendants."

6.  This action arises under the United States Patent Laws, 35 U.S.C. § 1 et seq.  The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338 and under the Doctrine of Pendant Jurisdiction.

7.  Venue is proper in this judicial district for these claims under 28 U.S.C. § 1391.

First Claim

8. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 6 above as if fully set forth herein in their entirety.

9. This is a claim for a Declaratory Judgment under the United States Patent Laws pursuant to 28 U.S.C. §§ 2201 and 2202.

10. In or about 1985, Plaintiffs, through an officer thereof, developed a deformable ball toy which was subsequently offered for sale and sold by Plaintiffs. That deformable ball toy was comprised of somewhat less than a full hemispherical section of a sphere made of a resilient, elastic, deformable material and was constructed and arranged such that when the center of that sphere section was deformed and placed into unstable equilibrium by applying force to the apex to move it toward the ball toy's virtual center to a position of temporary stability, for a time, it would retain its deformed shape. When the ball toy was lain on a surface, after a given amount of time, the elasticity of the material from which the deformable ball toy was made would act to return the ball toy to its semi-hemispherical, original, undeformed shape, exerting a force on the surface on which it was lain, so that it was propelled off of that surface. Alternatively, the ball toy, in its deformed shape, could be thrown onto a non-resilient surface, and, when it struck such non-resilient surface, would return to its semi-hemispherical shape and release the energy stored from the deformation and be propelled off that surface. The ball toy had an axially-aligned hole at its apex, the purpose of which was to alleviate the suction of the ball toy if the same was placed on the body of a person after deforming the

sphere section, so that there would not be suction from the deformed ball toy section, thereby preventing possible injury.

11.    In or about 2001, Plaintiffs, through an officer thereof, invented an improvement to the deformable ball toy described above, that was originally invented in 1985. The improvement comprised adding a post through the hole in the apex of the sphere segment of the ball toy and fastening the same to the ball toy with a view toward increasing the play value of the deformable ball toy, by facilitating the holding and/or spinning of the ball toy before or after deforming the same and making it possible to hold and/or spin the deformed ball toy prior to placing the same on a surface or throwing it onto a surface, causing the ball toy to return to its semi-hemispherical shape and propel itself off of the surface on which it had been lain or thrown. The added post also served to receive a decoration. Plaintiffs subsequently made several prototypes of this improvement to the prior deformable ball toy invention. These prototypes were located in plain sight in the then offices of Plaintiffs, at least in Australia and Hong Kong after October 2001, and well before 2004, where numerous individuals could and did see such improvement.

12.    In or about 2004, Defendant Cummings was engaged as a consultant by Plaintiffs, with a view toward Defendant Cummings providing assistance to Plaintiffs in development of toys that were to be produced by Plaintiffs. During the time he acted as a consultant for Plaintiffs, Defendant Cummings had full access to the post-addition-modification of Plaintiffs' prior deformable ball toy invention, which was in plain view at least in Plaintiffs' showrooms in Australia and Hong Kong. Upon information and belief,

385037.4                                    4

Defendant Cummings did in fact see such improved ball toy invention in one or more of the offices of Plaintiffs.

13.  Subsequent to 2004, Plaintiffs began to develop toys utilizing Plaintiffs' post addition to its previously-invented deformable ball toy. In January, 2007, for the first time at a toy show in the U.S.A., Plaintiffs offered for sale an improved deformable ball toy including a central post, under the mark HAIR-EE POPBALL.

14.  Upon information and belief, for the first time in 2007, Zing distributed a deformable ball toy comprised of a section of a sphere under the trademark ZEE BEEZ. The ZEE BEEZ product functioned in virtually the identical manner to the improved deformable ball toy and post invented by Plaintiffs in 2001 and accessible in Plaintiffs' showrooms in Australia and Hong Kong, at least in or prior to 2004.

15.  In 2007, Plaintiffs started receiving complaints from their customers and distributors worldwide that they had been receiving cease and desist letters from Walterscheid and/or attorneys acting on behalf of Walterscheid and/or Zing, which informed of a pending U.S. patent application of Walterscheid which the Plaintiffs' HAIR-EE POPBALL was alleged to violate, including a warning that a U.S. pending patent application thereon would be extended to various foreign countries.

16.  Upon information and belief, either or both Walterscheid or Cummings applied for a U.S. patent on the deformable ball with a center post and executed an oath in violation of 35 U.S.C. § 102 (f), that one or both were inventors thereof when, in fact, neither one invented the subject matter sought to be patented.

17. If any patent issues on the invention described in the pending patent application filed by or on behalf of Walterscheid, Cummings or Zing in the United States of America or anywhere throughout the world, inventorship therein should be corrected and the same should be assigned to Plaintiffs.

18. In virtue of the letters sent on behalf at least of Walterscheid and/or Zing to customers and/or prospective customers of Plaintiffs with respect to Plaintiffs' HAIR-EE POPBALL deformable ball toy having a post, there is an actual controversy between Plaintiffs on the one hand, and Defendants on the other hand with respect to the pending patent application and the activities of Defendants, giving rise to the present action.

19. In view of the foregoing, it is appropriate that the Court declare that none of Defendants are the "inventors" of the pending patent application and that the Court further declare that the invention thereof has been derived from the work of Plaintiffs; and that the pending patent application and any foreign counterparts thereof and any patents that issue therefrom, be assigned to Plaintiffs.

Second Claim

20. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 18 above as if fully set forth herein in their entirety.

21. This is a claim for unfair competition and arises under the common law. This Court has jurisdiction for this claim pursuant to the provisions of 28 U.S.C. § 1367

as it is so related to the First Claim that the First and Second Claims form part of the same case or controversy and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

22.  By either one or more of the Defendants directly or through their counsel sending notices to distributors, retailers, customers and prospective customers of Plaintiffs for their HAIR-EE POPBALL ball toy alleging that the same violates the intellectual property rights of one or more Defendants in a patent application pending in the United States of America and advising of a plan to file foreign counterparts thereof throughout the world when one or more of the Defendants knew or should have known that any patent to issue from such pending patent application would be invalid and void in view of the same having been derived from an invention of Plaintiffs, Defendants have committed unfair competition with Plaintiffs under the common law, have improperly caused trade to be diverted from Plaintiffs, have caused irreparable harm and damage to the reputation of Plaintiffs, and have caused Plaintiffs to suffer monetary damage in amount thus far not determined but believed to be well in excess of $100,000, particularly in view of the knowing and willful unfair competition in which one or more of the Defendants has engaged.

23.  Plaintiffs have no adequate remedy at law.

Third Claim

24.  Plaintiffs repeat and reallege the allegations of paragraphs 1 through 22 above as if fully set forth herein in their entirety.

25. This is a claim for violation of the Lanham Trademark Act of 1946 (15 U.S.C. § 105 *et seq.*) and in particular § 43(a) thereof (15 U.S.C. § 1125(a)) for false designations of origin, false description of fact or false or misleading representation of fact. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338.

26. Venue is proper in this judicial district for this claim under 28 U.S.C. § 1391.

27. Defendants distribute a deformable ball toy comprised of a section of a sphere under the trademark ZEE BEEZ in packaging which includes displayed thereon the legend that "Zee Beez is a registered trademark of Zing Toys, Inc". Upon information and belief ZEE BEEZ is not a registered trademark of any of the Defendants, which Defendants knew or should have known.

28. By placing the false statement that ZEE BEEZ is a registered trademark of Zing Toys, Inc. on the container for its goods, Defendants have willfully used in commerce a false designation of origin and false and misleading description of fact in commercial advertising and promotion which misrepresents the characteristics of its goods, all of which is likely to damage Plaintiffs.

29. In virtue of Defendants' violation of § 43(a) of the Lanham Act as alleged in this Claim, Defendants are liable for their profit, damages sustained by Plaintiffs and the costs of this action in accordance with the provisions of § 35 of the Lanham Act (15 U.S.C. § 1117).

30. In virtue of the packaging of Defendants' ZEE BEEZ deformable ball toy being violative of § 43(a) of the Lanham Act, such goods should not be permitted importation into the United States or admitted to entry at any Customhouse of the United States.

31. Defendants' acts as alleged in this Claim have caused Plaintiffs irreparable harm and damage and have resulted in Defendants making profit to which Plaintiffs are entitled in an amount thus far not determined but believed to be well in excess of $100,000.

32. Plaintiffs have no adequate remedy at law.

Fourth Claim

33. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 31 above as if fully set forth herein at length.

34. This is a claim for interfering with advantageous business relationships and arises under the common law. The Court has jurisdiction for this claim pursuant to the provisions of 28 U.S.C. § 1367 as is so related to the First and Third Claims that such Claims form part of the same case or controversy and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

35. By one or more of the Defendants directly or through their counsel having committed the acts referred to hereinabove, when they knew or should have known that there was no basis for the claims that Plaintiffs' HAIR-EE- POP BALL violated any rights of Defendants, the recipients of such notices comprised of customers, prospective

customers, distributors, and prospective distributors of Plaintiffs, Defendants have interfered with Plaintiffs' advantageous business relationships with such customers, prospective customers, distributors, and prospective distributors all to Plaintiffs' great detriment, causing Plaintiffs to suffer monetary damages in an amount thus far not determined but believed to be well in excess of $100,000.

36. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs demand:

A. That it be adjudged and decreed that the inventorship of any patent application filed by any of the Defendants in the United States of America or worldwide on the deformable ball toy with a center post be corrected and the Court declare that it was derived from the invention of Plaintiffs;

B. That any patent application filed by one or more of the Defendants in the United States of America or throughout the world on a deformable ball toy with a center post be assigned by any applicant or owner thereof to Plaintiffs;

C. That preliminary and permanent injunctions be granted restraining, enjoining and prohibiting any or all of the Defendants and their officers, servants, agents, employees, representatives and those acting in privity with it or them from making any claims in any way, shape, form or manner that they or any of them are the inventors of an invention of a deformable ball toy with a center post;

D. That a mandatory injunction be issued requiring Defendants to advise all recipients of prior communications by, from or on behalf of any of them relative thereto, that the HAIR-EE POPBALL ball toy of Plaintiffs is not an infringement or violation of any of the rights of any of the Defendants;

E. That preliminary and permanent injunctions be granted restraining, enjoining and prohibiting any or all of the Defendants and their officers, servants, agents, employees, representatives and those acting in privity with it or them from initiating or contributing to any publicity charging that Plaintiffs' HAIR-EE POPBALL ball toy in any way infringes any of the rights of any Defendants;

F. That preliminary and permanent injunctions be granted restraining, enjoining and prohibiting any or all of the Defendants and their officers, servants, agents, employees, representatives and those acting in privity with it or them from in any way unfairly competing with Plaintiffs with respect to Plaintiffs' HAIR-EE POPBALL ball toy.

G. That preliminary and permanent injunctions be granted restraining, enjoining and prohibiting any or all of the Defendants and their officers, servants, agents, employees, representatives and those acting in privity with it or them from in any way, on or in connection with their goods or any container for their goods used in commerce, to include any false or misleading description of fact or false or misleading representation of fact

in commercial advertising or promotion that misrepresents the characteristics of their goods including, without limitation, falsely representing that ZEE BEEZ is a registered trademark;

H. That preliminary and permanent injunctions be granted, preventing Defendants and their officers, servants, agents, employees, representatives and those acting in privity with it or them from in any way, importing into the United States and preventing entry at any Customhouse of the United States, of any of the products of Defendants which themselves or on their packaging bear any misrepresentation of the character of such goods and in particular any of such goods containing a false or misleading description that the product thereof is offered under the registered trademark ZEE BEEZ when in fact the same is not so registered;

I. That preliminary and permanent injunctions be granted restraining, enjoining and prohibiting any or all of the Defendants and their officers, servants, agents, employees, representatives and those acting in privity with it or them from in any way interfering with Plaintiffs' advantageous business relationships with their customers, prospective customers, distributors, or prospective distributors of their HAIR-EE POP BALL ball toy.

J.  An accounting of profits and damages resulting from Defendants' acts as aforesaid, including an award of costs and reasonable counsel fees and that the same be increased in view of the willful nature of Defendants' acts.

K.  Such other and further relief as may be deemed just and proper under the circumstances.

Respectfully submitted,

Amster Rothstein & Ebenstein LLP
Attorneys for Plaintiffs
90 Park Avenue
New York, New York 10016
(212) 336-8000

Dated: New York, New York
       November 30, 2007          By: _____
                                      Philip H. Gottfried (PG 6278)