UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
――――――――――――――――――――X

| | |
|---|---|
| PETER FISH & CO. PTY. LTD. and PETER FISH (HK) LTD., <br><br> Plaintiffs <br><br> v. <br><br> STEVE WALTERSCHEID, PETER CUMMINGS and ZING TOYS, INC. <br><br> Defendants. | Case No. 07 CV 10719 (PKC) <br><br> DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT, AND AFFIRMATIVE DEFENSES |

Defendants Steve Walterscheid, Peter Cummings, and Zing Toys, Inc. ("Defendants") answer the allegations in Peter Fish & Co. Pty. Ltd's and Peter Fish (HK) Ltd.'s Toy Investments, Inc.'s ("Plaintiffs") *Amended Complaint* as follows:

Except as expressly admitted herein, Defendants deny each and every allegation of the Amended Complaint.

As to paragraph 1, Defendants are without sufficient information at this time to either admit or deny the allegations set forth in paragraphs 1 of the Amended Complaint, and therefore Defendants deny same at this time.

As to paragraph 2, Defendants are without sufficient information at this time to either admit or deny the allegations set forth in paragraphs 2 of the Amended Complaint, and therefore Defendants deny same at this time.

As to paragraph 3, Defendant Steve Walterscheid ("Walterscheid") admits he is an individual citizen of the United States of America, has a business mailing address of PO Box 7409, Bend, Oregon 97708, and is the President of Zing Toys, Inc. Except as expressly admitted herein, Defendants deny each and every allegation remaining in paragraph 3 of the Amended Complaint.

As to paragraph 4, Defendant Peter Cummings ("Cummings") admits he has a residence in the State of Oregon, at 45853 NW Snell Road, Banks, Oregon 97016. Except as expressly admitted herein, Defendants deny each and every allegation remaining in paragraph 4 of the Amended Complaint.

As to paragraph 5, Defendants admit that Defendant Zing Toys, Inc. is a corporation in the state of Oregon and has a mailing address of PO Box 7409, Bend, Oregon 97708. Except as expressly admitted herein, Defendants deny each and every allegation remaining in paragraph 5 of the Amended Complaint.

As to paragraph 6, Denied.

As to paragraph 7, Denied.

As to paragraph 8, Denied.

As to paragraph 9, Denied.

As to paragraph 10, Denied.

As to paragraph 11, Denied.

As to paragraph 12, Denied.

As to paragraph 13, Denied.

As to paragraph 14, Denied.

As to paragraph 15, Denied.

As to paragraph 16, Denied.

As to paragraph 17, Denied.

As to paragraph 18, Denied.

As to paragraph 19, Denied.

As to paragraph 20, Denied.

As to paragraph 21, Denied.

As to paragraph 22, Denied.

As to paragraph 23, Denied.

As to paragraph 24, Denied.

As to paragraph 25, Denied.

As to paragraph 26, Denied.

As to paragraph 27, Denied.

As to paragraph 28, Denied.

As to paragraph 29, Denied.

As to paragraph 30, Denied.

As to paragraph 31, Denied.

As to paragraph 32, Denied.

As to paragraph 33, Denied.

As to paragraph 34, Denied.

As to paragraph 35, Denied.

As to paragraph 36, Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

Plaintiffs' claims are barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to state a claim)**

Plaintiffs' First claim for relief fails to set forth facts sufficient to state a claim for which relief may be granted.

Plaintiffs' Second claim for relief fails to set forth facts sufficient to state a claim for which relief may be granted.

Plaintiffs' Third claim for relief fails to set forth facts sufficient to state a claim for which relief may be granted.

Plaintiffs' Fourth claim for relief fails to set forth facts sufficient to state a claim for which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

(Waiver – Lack of Notice)

By failure to perform their obligations and for failure to provide timely notice, Plaintiffs waived their claims and remedies alleged in the subject action.

## FOURTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

Plaintiffs' claims are barred to the extent that Plaintiffs and Defendants reached an accord and satisfaction of any alleged contract and/or alleged wrongful conduct and/or alleged failure to perform.

## FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiffs' claims are barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

(License)

Plaintiffs' claims are barred by virtue of Defendants' rights and entitlements under the subject licensing agreement and other contractual promises between the parties.

SEVENTH AFFIRMATIVE DEFENSE

(Failure of Consideration)

Plaintiffs' claims are barred for failure of consideration.

EIGHTH AFFIRMATIVE DEFENSE

(Failure to Perform Conditions Precedent)

Plaintiffs' claims are barred by reason that Plaintiffs failed to perform conditions precedent to performance obligations alleged by Plaintiffs against Defendants.

NINTH AFFIRMATIVE DEFENSE

(Breach of Contract)

Plaintiffs' claims are barred to the extent they materially breached their contractual obligations with Defendants.

TENTH AFFIRMATIVE DEFENSE

(Formation)

Plaintiffs' claims are barred due to mistake in forming the alleged contracts.

ELEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiffs' claims are barred to the extent that Plaintiffs seek relief with unclean hands.

TWELFTH AFFIRMATIVE DEFENSE

(Breach of Good Faith and Fair Dealing)

Plaintiffs' claims are barred to the extent that Plaintiffs breached their implied duties of good faith and fair dealing owed to one or more of the Defendants.

THIRTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiffs' claims are barred to the extent that Plaintiff failed to reasonably mitigate their damages claimed herein.

FOURTEENTH AFFIRMATIVE DEFENSE

(Improper Service)

Plaintiffs' claims are barred based upon insufficiency of summons or process and/or improper service.

FIFTEENTH AFFIRMATIVE DEFENSE

(Venue)

Plaintiffs' claims are barred and should not be litigated in the subject court due to improper venue.

SIXTEENTH AFFIRMATIVE DEFENSE

(Lack of Personal Jurisdiction)

Plaintiffs' claims are barred for lack of personal jurisdiction over one or more of the named Defendants.

SEVENTEENTH AFFIRMATIVE DEFENSE

(Standing)

Plaintiffs' Third Claim for Relief (violation of the Lanham Trademark Act of 1946) is barred for lack of standing.

EIGHTEENTH AFFIRMATIVE DEFENSE

(Preemption)

Plaintiffs' claims are preempted.

NINETEENTH AFFIRMATIVE DEFENSE

(Latches)

Plaintiffs' claims are banned due to laches.

TWENTIETH AFFIRMATIVE DEFENSE

(Reliance to detriment)

Defendants relied to their detriment upon misrepresentations by Fish when Walterscheid agreed to continue provide licensing rights to Fish, and conducting business with Fish, and Defendants did so to their own detriment.

TWENTYFIRST AFFIRMATIVE DEFENSE

(Misrepresentation)

As a result of Plaintiffs' misrepresentations, Defendants incurred, and continue to incur, damages.

TWENTYSECOND AFFIRMATIVE DEFENSE

(Forum non conveniens)

Plaintiff's claims should not be litigated in the subject court due to forum non conveniens.

WHEREFORE, Defendants pray that Plaintiffs' complaint be dismissed with prejudice and nothing be taken thereby, and that Defendants be awarded costs, and disbursements, and attorney's fees.

### RESERVATION OF RIGHTS

Defendants hereby reserve their rights to add additional affirmative defenses and counterclaims, and/or move for a judgment of dismissal, to the extent warranted after further discovery.

Defendants demand a trial by jury.

DATED this 10th day of April, 2008.

s/ Kenneth S. Feldman
Kenneth S. Feldman
New York Bar No. KF 6003
ken@feldman-law.com
FELDMAN LAW GROUP, P.C.
12 East 41st Street
New York, NY 10017
Telephone: (212) 532-8585
Facsimile: (212) 532-8598
Attorneys for Defendants
Steve Walterscheid,
Peter Cummings and Zing Toys, Inc.
