CARR SCHWARTZ BUTTERFIELD LLC
ATTORNEYS AT LAW

LISANNE M. BUTTERFIELD
JOHN T. CARR*
TODD E. SCHWARTZ
LISA JOHNSTON-PORTER*
*Admitted in Oregon & Washington

STEPHANIE A. HASCALL, Paralegal
AMY PRATT, Paralegal
JENNIFER R. SALA-WOOD, Legal Assistant

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/15/08
```

# MEMO ENDORSED

April 14, 2008

Via facsimile (212) 805-7949, First-Class Mail, &
E-mail: *Andrew_D'Agostino@nysd.uscourts.gov*

Honorable P. Kevin Castel
United States Courthouse
Court Clerk's Office
500 Pearl Street
New York, NY 10007

Re:   Peter Fish & Co. Pty. Ltd. and
      Peter Fish (HK) Ltd. v.
      Steve Walterscheid, Peter Cummings and Zing Toys, Inc.
      Civil Action No. 07 CV 10719 (KPC)

Dear Honorable Castel:

This letter is submitted on behalf of defendants Steve Walterscheid, Peter Cummings and Zing Toys, Inc. (collectively referred to hereinafter as "the Zing Defendants"). Pursuant to the Court's Order entered March 25, 2008, we submit this letter to supplement the letter recently submitted by Plaintiff's counsel (Phillip Gottfried). We are presently scheduled to appear for a preliminary Pretrial Conference before Your Honor on April 18, 2008, at 10 a.m., in Courtroom 12C. The Zing Defendants respectfully request leave for their local (undersigned) counsel to participate telephonically.

As stated in our correspondence dated March 20, 2008, undersigned counsel has associated with local New York counsel, Ken Feldman of Feldman Law Group, who recently filed an appearance on behalf of the Zing Defendants. We are working with Mr. Feldman to move the court for an order to allow the *pro hac vice* admission of undersigned attorney, Lisanne M. Butterfield. The subject motion for admission *pro hac vice* is unopposed.

<u>Defendants' contentions and defenses are:</u>

This case involves a controversy between citizens of different states. Plaintiffs are domiciled in the Commonwealth of Australia, with a principal place of business in Australia. All named defendants are domiciled in the state of Oregon. This cause of action includes an amount in controversy that exceeds the sum of $75,000, exclusive of interest and costs. This is an action of a civil nature, over which this court lacks original jurisdiction pursuant to 28 U.S.C. §1332(a) & (c), in that it is a suit for breach of contract and non-payment of royalty fees due.

Handwritten endorsement: I am somewhat confused whether Mr. Feldman, or counsel, the Carr Schwartz firm, or both wish to participate by telephone. In any event, I will allow it on this occasion provided contact is made with my deputy clerk, Mr. D'Agostino.

SO ORDERED
/s/ [signature]
USDJ
4-15-08

Honorable P. Kevin Castel
April 14, 2008
Page 2

On or about February 21, 2005, Defendant Steve Walterscheid ("Walterscheid") entered a **Licensing Agreement** with Plaintiff Peter Fish ("Fish"). The rights and obligations under the **Licensing Agreement** include, *inter alia,* an affirmative obligation for Fish to pay Walterscheid royalty fees on the basis of the engineering information relating to the manufacture of certain toy items known as "Hair Ball" and "Rope Man." The **Licensing Agreement** is a binding contract that covers any and all issues alleged by Plaintiffs against Walterscheid in the subject action. Walterscheid terminated the **Licensing Agreement** after Plaintiffs failed to pay Walterscheid his royalty payments due and owing.

Pursuant to Section 6 of the **Licensing Agreement,** Plaintiffs were required, but failed, to immediately begin a tooling program and commercial production of the "Hair Ball" and "Rope Man" with a target market sale date of one (1) year of the dated **Licensing Agreement,** or February 21, 2006. Plaintiffs never performed as promised and, in particular, Plaintiffs never produced the toy products at issue herein. As of June 2007, Plaintiffs had not delivered as promised on the commercial production of the subject toy products and Plaintiffs were far late in paying royalties promised. Despite Walterscheid's repeated demands for performance, and despite the failure and refusal of Plaintiffs to so perform, Plaintiffs nevertheless attempted to produce the "Hair Ball" under another trade name of *"HAIR-EE HAIR BALLZ,"* and Plaintiffs did so without the consent and authority of Walterscheid, and without compensating Walterscheid as promised.

Plaintiffs likewise attempted to produce a similar toy product under the trade name of *"ROPE MAN"* and Plaintiffs did so without the consent and authority of Defendants. Despite Defendant Walterscheid's repeated demands for same, Plaintiffs failed and refused to compensate Defendant Walterscheid for the royalties due under the **Licensing Agreement.**

Subsequent to December 2006, Fish informed Walterscheid that the former would not honor his obligations under the **Licensing Agreement.** Fish breached his obligations to pay Walterscheid royalties when Fish learned that Walterscheid planned to launch his own toy manufacture and distribution company after Fish failed to honor his obligations to Walterscheid, and after Fish informed Walterscheid that the pin concept did not work. As a result of Plaintiffs' failure and refusal to perform as promised under the **Licensing Agreement,** Walterscheid suffered damages in amounts not less than $250,000 USD, plus attorneys' fees and costs incurred herein.

Additionally, in the subject court action, Defendants contend Plaintiffs intentionally interfered with the business relationships of Defendants, particularly the latter's professional and business relationships with vendors, sellers, buyers and distributors within the toy product industry. Defendants claim that Plaintiffs circulated defamatory information about Defendants that was designed to interfere with the former's business relationships within the toy industry.

Finally, in addition to the subject court action, reference is hereby made to the related court action filed by Defendants against Plaintiffs in the High Court of Hong Kong Special Administrative Region Court of First Instance (No. HCA 45/2008), which such dispute involves

Honorable P. Kevin Castel
April 14, 2008
Page 3

claims asserted by Defendants against the Fish Plaintiffs. (Attached for the court's reference is a copy of the statement of claim in the Hong Kong court action.)

<u>Motions contemplated by defendants</u>:

Based upon forum non conveniens and improper venue, Defendants anticipate moving the court to transfer this case to the Oregon. Several of the key defense witnesses have indicated that they will not testify unless the case is transferred to Oregon. Additionally, Defendants intend to move the court for an order to dismiss Plaintiff's claims against Defendant Cummings (against whom no factual wrong-doing has been alleged), and an order to dismiss Plaintiff's claims based upon lack of standing, failure to state a claim, and based further upon lack of personal jurisdiction over the individual defendants.

Since not all counterclaim parties and claims have been alleged, the scheduling of discovery should be abated until complete joinder of all parties and resolution of the prospective motion for transfer of the case based upon forum non conveniens.

<u>Possibilities of Settlement</u>:

Prospects for settlement are being explored by the parties.

Respectfully submitted,

CARR SCHWARTZ BUTTERFIELD, LLC

Lisanne M. Butterfield

c:  Phil Gottfried
    Ken Feldman
    John T. Carr

Enclosure